**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHAWN J. GIESWEIN,

    Defendant - Appellant.

No. 18-6220
(D.C. Nos. 5:18-CV-00468-F
and 5:07-CR-00120-F-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Shawn Gieswein, a *pro se* federal prisoner,[1] seeks a certificate of appealability

(COA) to challenge the district court's denial of his 28 U.S.C. § 2255 motion. For the

reasons below, we deny Gieswein a COA.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe the briefs of *pro se* litigants. *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).

## BACKGROUND

In 2007, Gieswein was convicted in federal court of two crimes: witness tampering and felon in possession of a firearm. After concluding that Gieswein qualified as an armed career criminal under 18 U.S.C. § 924(e), the district court sentenced him to 240 months' imprisonment. In 2016, our court granted Gieswein permission to file a second or successive motion to vacate in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See In re Gieswein*, No. 16-6038 (April 27, 2016). The government conceded that under *Johnson* Gieswein no longer qualified as an armed career criminal.

This led to the district court resentencing Gieswein without the armed career criminal designation. Even so, the district court sentenced him to the same term— 240 months' imprisonment. *United States v. Gieswein*, No. CIV-16-531-F, 2016 WL 11200222 (W.D. Okla. July 25, 2016).

In response, Gieswein filed a direct appeal, and in 2018 we affirmed the new sentence. *See United States v. Gieswein*, 887 F.3d 1054 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 279 (Oct. 1, 2018). Though we agreed with Gieswein that the district court had "erred in applying a circumstance-specific approach to determine that his prior conviction for lewd molestation in Oklahoma state court qualified as a 'forcible sex offense' and thus a 'crime of violence' under the Sentencing Guidelines," we deemed the error harmless because the record showed that even without this error, the district court would have imposed the same 240-month sentence. *Id.* at 1056.

2

Then Gieswein filed a § 2255 motion to vacate his sentence, arguing that his trial and appellate counsel had furnished him ineffective assistance during the second sentencing proceeding. The district court denied the motion and denied the application for a COA. From us, Gieswein now seeks a COA to review this decision. To obtain a COA, Gieswein must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. To do so, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## DISCUSSION

Gieswein argues that both his trial counsel and appellate counsel provided ineffective assistance concerning his resentencing. Proving ineffective assistance of counsel requires a two-part showing. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Gieswein must prove that the counsel's performance was "deficient"—that is, the representation "fell below an objective standard of reasonableness." *Id.* at 688. Second, he must establish "prejudice"—that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In his motion, Gieswein raises four arguments supporting his *Strickland* claims: (1) that his resentencing attorneys failed to challenge his witness-tampering conviction; (2) that they failed to challenge his felon-in-possession conviction; (3) that they failed to argue that his prior state court conviction for destruction

3

of property by explosive device was not a crime of violence under the guidelines, which if successful would have lowered his guidelines range; and (4) that they failed to challenge several errors by the resentencing court—specifically, certain statements made by the court, the court's decision to run his sentences consecutively, and the court's balancing of the § 3553(a) sentencing factors—and failed to raise nationwide sentencing disparities.

Except for the sentencing-disparities argument, the district court considered and soundly rejected all of these arguments. Because we agree with the district court's assessment of the claims, we need not restate the reasoning here. *See Chivers v. Reaves*, 750 F. App'x 769, 770 (10th Cir. 2019) ("When a district court accurately takes the measure of a case and articulates a cogent rationale, we see no useful purpose for a reviewing court to write at length."). And because we agree that reasonable jurists could not debate the correctness of the district court's ruling, we deny Gieswein a COA. *See Slack*, 529 U.S. at 484. As for Gieswein's argument that his attorneys should have raised the issue of disparities in national sentencing, neither his petition nor his brief on appeal provides any support that his counsels' efforts fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88; *see also United States v. Cook*, 45 F.3d 388, 394 (10th Cir. 1995) ("The Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal."). We therefore find that he has failed to meet his burden to prove ineffectiveness on this basis. *See Strickland*, 466 U.S. at 687–88.

Finally, Gieswein has submitted a supplementary brief raising additional grounds for relief. We generally decline to consider arguments not raised in the § 2255 petition. *See United States v. Rodriguez*, 768 F.3d 1270, 1272 (10th Cir. 2014). And even if we were to consider them, these claims have no merit.[2]

**CONCLUSION**

We deny Gieswein's application for a COA and dismiss this appeal. His motion to proceed in forma pauperis is granted.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] First, Gieswein seeks to undermine his felon-in-possession conviction by directing us to cases he says apply the strict scrutiny standard of review in cases involving the Second Amendment. Appellant Suppl. Br. at 1–4. But, for starters, Gieswein's attorneys could not challenge the underlying conviction during resentencing. Gieswein's conviction became final long ago, *see* 28 U.S.C. § 2255(f) (allowing § 2255 motions no later than one-year after the conviction), and a *Johnson* resentencing does not open the door to challenge his conviction. Any challenge brought by Gieswein's counsel would have been untimely under the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 33(b).

Second, citing Third Circuit cases, Gieswein alleges a Speedy Trial violation, though he admits that he "did not raise this issue in [his] § 2255 petition" because "he did not discover this violation until further research." Appellant Suppl. Br. at 5. Here again, for the same reasons stated above, Gieswein's counsel at resentencing could not challenge his underlying conviction during his *Johnson* resentencing. Because reasonable jurists could not debate these points, his application fails on these points too. *See Slack*, 529 U.S. at 484.